UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LEVAR AIKENS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:19CV18 HEA |
|  | ) |  |
| JASON LEWIS, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff LeVar Aikens for leave to commence this civil action without prepayment of the required filing fee. The Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1), Additionally, the Court will grant plaintiff's motion to file an amended complaint and require plaintiff to file an amended complaint on a Court-provided form within thirty (30) days of the date of this order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). On January 28, 2019, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. The complaint names Jason Lewis (Warden, Southeast Correctional Center ("SECC")), Susan Price (Caseworker), Jerry Walls (Correctional Officer), Unknown Hanebrink (Functional Unit Manager), Unknown Gorham (Caseworker), Unknown Krech (Correctional Officer), Rebecca Patterson (Caseworker), Joshua Carter (Caseworker), Bill Stang (Deputy Warden), Unknown Wilson (Property Room Sergeant), Unknown Buhs (Grievance Officer), Lorene Armstrong (Caseworker/Functional Unit Manager), Unknown Wigfall (Functional Unit Manager) and Unknown Vandergriff (Captain) as defendants.

Plaintiff's allegations are somewhat difficult to discern. However, he appears to be asserting that he had previously been incarcerated at SECC between 2006 and 2007 and had instituted a hunger strike at that time to protest what he believed was prisoner abuse and safety violations occurring involving Paula Phillips and Unknown Vandergriff, who was a Correctional Officer at that time. Plaintiff appears to claim that there was an altercation of some kind resulting in an assault on staff at SECC, after which he was transferred to another prison.

Plaintiff asserts that he was returned to SECC in December of 2018, and someone on the transportation staff who is unnamed in the present lawsuit noted that he would be "going to the hole" and that "everyone [knew] he was coming" especially Vandergriff." Plaintiff describes his intake process and how he was to be immediately assigned to Administrative Segregation at SECC to get "readjusted to the population," but he does not indicate whether he believes this assignment was somehow a violation of his constitutional rights.[1]

Additionally, plaintiff describes an event where he self-declared a medical emergency for chest pain, and he was cuffed with his hands behind his back to be evaluated by the medical staff. However, plaintiff does not indicate why this is significant or how it could be construed as deliberate indifference to his serious medical needs in violation of his constitutional rights. Plaintiff asserts that his C-PAP machine was not working in a cell that he was assigned to, but he does not fully indicate his need for the C-PAP or how long he was purportedly denied the availability of the machine.[2]

Plaintiff also describes an event where his property was given to him piecemeal while he was contained in Administrative Segregation. However, plaintiff does not indicate which defendant allegedly denied him property or enunciate the reasons why he believes this was a purported constitutional violation.[3]

---

[1] Plaintiff does state, relative to a conversation he had with a doctor as to a request for medication, that he believed that he had been retaliatory transferred and placed in Administrative Segregation at SECC as a result of prior acts he had been involved in at the prison. However, plaintiff does not assert these allegations in a separate count against a specific defendant in this action. For example, plaintiff does not state which defendant he believes engaged in the retaliatory transfer and to what end.

[2] To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

[3] The due process clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled*

Next plaintiff complains that he was assigned to a cell that was sometimes used as a suicide cell when he refused to cell with the first cellmate he was assigned. Plaintiff again does not indicate how this was a violation of his constitutional rights.

Plaintiff also complains of his conditions of confinement when he was first brought to SECC, alleging that he was denied a shower for a week, not provided with adequate clothing or canteen rights. Plaintiff also states that he was later placed in two cells that did not have hot water for short periods of time. Plaintiff does not state which defendants were purportedly responsible for these specific actions or how these actions resulted in constitutional violations.

Plaintiff asserts that he was denied a religious diet. However, he fails to identify his specific religion or exactly what type of diet is required by his purported religion. Plaintiff also fails to assert what defendant he requested the diet from and who denied him the request.

Plaintiff alleges generally he was "denied access to the courts" because he was not provided paper, stamps, envelopes and the ability to print a "greencheck" while he was in Administrative Segregation from December 20, 2018 to January 14, 2019. Plaintiff also complains about his handling of his Qualified Legal Claim form at the prison. Again, plaintiff has failed to match his allegations with specific defendants and explain how these events qualify as violations of his constitutional rights.

Last, plaintiff asserts that his "legal mail" from the District Court relating to a show cause deadline was "accidentally opened" on one occasion.[4]

---

*on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate postdeprivation remedy). Plaintiff does not allege that he lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

[4]"Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). This is because, "with minute and irrelevant exceptions all correspondence from a court

Since filing his initial complaint, plaintiff has filed seven additional motions to add to or supplement his complaint, including two stand-alone motions to amend his complaint. [Doc. #5 and #11] Plaintiff seeks to add additional information as to what each defendant purportedly did to violate his constitutional rights [Doc. #5], attach exhibits to his pleading [Doc. #6-#7] and add claims [Doc. #8-#9 and #11]. Having reviewed plaintiff's motions, the Court will grant plaintiff's motions for leave to file an amended complaint, deny his requests to supplement the record with exhibits and supplements at this time[5] and direct plaintiff to file his amended complaint according to the instructions set forth below.

## Discussion

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert some claims based on the denial of his constitutional rights he has improperly joined in this one lawsuit against all fourteen (14) defendants and his numerous claims against them. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, **a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions.** In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners

---

to a litigant is a public document, which prison personnel could if they want inspect in the court's files." <u>Martin v. Brewer,</u> 830 F.2d 76, 78 (7th Cir. 1987) (Posner, J.).

[5]Only exhibits attached to a pleading and referenced in the pleading are part of that pleading for purposes of the record. *See* Fed.R.Civ.P.10.

pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to

sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[6] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form

---

[6] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to file an amended complaint [Doc. #5 and #11] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a supplemental complaint and to file exhibits to his complaint [Doc. #4, #6-#10] are **DENIED**, given that plaintiff will be ordered to file an amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **on the Court-provided form**, in accordance with the instructions set forth above, **within thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 22nd day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE